IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ingles Markets, Incorporated, and Sky King, Inc., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 7:14-4828-MGL |
| Maria, LLC and T2 Design and Construction, LLC, | ) ) ) | **ORDER** |
| Defendants. | ) ) | |

On December 22, 2014, Plaintiffs Ingles Markets, Incorporated, and Sky King, Inc., ("Plaintiffs"), brought this civil action seeking specific performance of a lease agreement and declaratory and injunctive relief against Defendant Maria, LLC, ("Defendant"). (ECF No. 1). On the same date as the filing of the Complaint, Plaintiffs also filed a lis pendens with the Spartanburg County Clerk of Court's Office. (ECF No. 33-1). Presently before the Court is Defendant's Motion To Cancel Lis Pendens. (ECF No. 33). Plaintiffs filed a Response in Opposition, (ECF No. 35), to which Defendant replied. (ECF No. 45). The matter is now ripe for decision.

## FACTUAL BACKGROUND

This case involves a commercial retail space located near the intersection of U.S. Highway 176 and Springfield Road in Spartanburg, SC, developed by Jaylin Spartanburg South, LLC and anchored by an Ingles grocery store. Bill and Mariam Akkary, the members of Defendant Maria, have operated a pizza restaurant and package store within this shopping center since 2001, when they entered into leases with Jaylin Spartanburg.

On or about January 7, 2011, the Akkarys entered into a contract with Jaylin Spartanburg

for the purchase of a 0.91 acre outparcel.  At the time of the closing, the only document located in the title examination that imposed restrictions on development of the subject property was a Declaration of Reciprocal Easements, otherwise referred to in this litigation as the "REA." Although the language of the REA referenced an Exhibit "E", this exhibit was not attached to the recorded document.  The key provision of the REA at issue here reads as follows:

> **5.3 Restrictions Relating to Development.**  Development and use restrictions shall limit the construction to be performed on Parcels 1, 2, and 3 to the construction of one building of one story and no more than twenty-four (24) feet in height in the locations and with the requisite parking spaces, shown on Exhibit "E" attached hereto.

After owning the subject property for several years, Mr. Akkary, on behalf of Defendant Maria, contacted DDR Southeast Northpoint, LLC, the then-owner of the shopping center, and entered into negotiations regarding his intentions to construct a new building on the property and to move the Akkary businesses to that building.  Defendant Maria entered into an agreement with T2 Design & Construction, LLC, ("T2"), for the construction of that new building.  As initial construction began, Plaintiffs filed their Complaint, alleging that the contemplated construction was in violation of use and development restrictions, specifically those set out in the missing "Exhibit E" to the REA.  Plaintiffs also filed the aforementioned lis pendens.

## ANALYSIS

The primary purpose of a notice of lis pendens is to inform third parties who may wish to acquire an interest in a piece of real property that such real property is the subject of pending litigation.  See Shelley Const. Co., Inc. v. Sea Garden Homes, Inc., 287 S.C. 24, 30, 336 S.E.2d 488, 491-492 (S.C.App.1985).  South Carolina's lis pendens statute, S.C. Code Ann. § 15-11-10 (2005), provides that a lis pendens may be filed in any "action affecting the title to real property."

In the instant litigation, Plaintiffs seek to establish and enforce a restriction on Defendant's development that they maintain is mandated by the terms of their lease agreement, as amended, and the REA.  Defendant argues that because this sort of land use restriction or "restrictive covenant" is generally conceived of as contractual in nature, see, e.g., Smith v. Commissioners of Public Works of City of Charleston, 312 S.C. 460, 465, 441 S.E.2d 331, 335 (1994), Plaintiff's action to enforce the restriction is not an action "affecting the title to real property," as used in the South Carolina statute.

In further support of its application, Defendant directs this Court's attention to the South Carolina Supreme Court Case of Pond Place Partners, Inc. v. Poole, 351 S.C. 1, 17, 567 S.E.2d 881 (Ct.App. 2002).  Although Defendant cites this case primarily for its laundry list of examples given by the Supreme Court of actions "affecting the title to real property," it cannot be overlooked that the type of action involved in Pond Place itself was an action concerning the enforcement of a restrictive covenant. 351 S.C. 1, 7, 567 S.E.2d 881, 884.  To be sure, the party filing the lis pendens in Pond Place enjoyed an ownership interest in the property subject to litigation, which is apparently not true of the Plaintiffs in the instant case.  Nonetheless, in Pond Place, the South Carolina Supreme Court concluded that an action to enforce a restrictive covenant was an "action affecting title to real property," even though the filing party would have retained legal title to his property no matter the outcome of the litigation.  In other words, as is true here, what was at stake in Pond Place was not ownership per se but rather the degree to which an owner or owners would be limited in what they could do with the subject property.

Finally, as Plaintiff points out, to the extent that the state Supreme Court did point to types of actions that would not support the filing of a lis pendens, these were actions "where no

real property [was] implicated" at all.  351 S.C. 1, 18, 567 S.E.2d 881, 890.  That is obviously

not the case with respect to the instant action.

## **CONCLUSION**

In view of all of the foregoing, the Court concludes that Defendant has not established

that Plaintiffs sought and obtained the lis pendens in violation of the law.  Defendant's Motion to

Cancel Lis Pendens, (ECF No. 33), is therefore **DENIED.**

**IT IS SO ORDERED.**


April 9, 2015                                                  __s/Mary G. Lewis_____
Columbia, South Carolina                          United States District Judge