IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Ingles Markets, Incorporated, and Sky King, )
Inc.,                                        )
                                             )
                    Plaintiffs,              )
                                             )
vs.                                          )        Civil Action No. 7:14-4828-MGL
                                             )
Maria, LLC,                                  )
                                             )        **ORDER**
                    Defendant.               )
                                             )
_____

     Plaintiffs Ingles Markets, Incorporated, and Sky King, Inc., ("Plaintiffs"), brought this civil action for specific performance and declaratory and injunctive relief against Defendant Maria, LLC, ("Defendant"), seeking to prevent Defendant from proceeding with construction on property adjacent to property leased by and owned by Plaintiffs. (ECF No. 1). Defendant answered and plead its own claim for declaratory relief, as well as counterclaims of tortious interference with contract, unfair trade practices, and abuse of process.[1] (ECF No. 22). The matter is presently before the Court on Plaintiffs' Motion for Summary Judgment, (ECF No. 56), and Defendant's Motion for Partial Summary Judgment. (ECF No. 55). Also pending is Defendant's Motion in Limine to Exclude Expert Testimony. (ECF No. 61). After full briefing by the parties on these motions, the Court held a hearing, heard argument and took all matters under advisement. (ECF No. 75). The Court has subsequently reexamined the briefs and exhibits of the parties and reviewed the hearing transcript, and these matters are now ripe for decision.

---

[1] Additionally, both Plaintiffs and Defendant brought competing claims of trespass, which were subsequently dismissed *with prejudice* by stipulation of the parties. (ECF No. 76).

## FACTUAL BACKGROUND

Plaintiff Ingles is the anchor tenant of a commercial retail space, or "shopping center," located near the intersection of U.S. Highway 176 and Springfield Road in Spartanburg, SC. Originally owned by developer Jaylin Spartanburg South, LLC, ("Jaylin"), the shopping center is now owned by Plaintiff Sky King.  Bill and Miriam Akkary ("the Akkarys"), who are the controlling owners of Defendant Maria, have operated two businesses within the same shopping center since approximately 2001, when they first entered into leases with then-owner Jaylin.

Pursuant to the terms of the lease agreement, all owners and tenants in the shopping center are subject to certain use and development restrictions.  (ECF Nos. 1-1 and 1-2).  For example, owners and tenants may not erect additional buildings in the shopping center that do not appear on the site plan, which is attached to the amended lease agreement.  (ECF No. 1-2).   At least some of these restrictions are contained in a document referred to in this litigation as the Declaration of Reciprocal Easements or "REA," (ECF No. 1-3), which was filed with the Spartanburg County Register of Deeds on June 10, 2002.

On or about January 7, 2011, the Akkarys entered into a contract with Jaylin for the purchase of a 0.91 acre outparcel, or "subject property."  On the site plan, the subject property appears as two separately designated, adjoining outparcels.  (ECF No. 1-3 at p. 3).

At the time of closing, the REA was included in the subject property's chain of title and imposed certain restrictions on its future development.  Although there is mention in four places in the REA of an "Exhibit E," this exhibit was not attached to the recorded instrument.  The key provision of the REA that is at issue in this litigation, referred to as Article 5.3, directly references the unattached Exhibit E and reads as follows:

**5.3 Restrictions Relating to Development.**  Development and use restrictions shall limit

the construction to be performed on Parcels 1, 2, and 3 to the construction of one building

of one story and no more than twenty-four (24) feet in height in the locations and with the

requisite parking spaces, shown on Exhibit "E" attached hereto.  (ECF No. 1-3 at p. 7).

Other references to the unattached Exhibit E appear in the sections of the REA which define the

two outparcels that together comprise the subject property.  These are referred to in the REA and

its attached exhibits as "Parcel 2" and "Parcel 3," respectively.  (ECF No. 1-3 at pp. 13-14).

The contract governing purchase and sale of the subject property required seller Jaylin to

provide to the Akkarys copies of the following documents pertaining to the property: existing

surveys, title insurance policies, condemnation information, environmental reports, copies of

leases and amendments, and any other information pertaining to the ownership or operation of the

property which the buyer reasonably requests.  Although Jaylin produced a copy of the REA and

other plats, sketches and drawings of the subject property, Jaylin never produced an Exhibit E or

any other document setting out additional restrictions or limitations on use and development.

After owning the subject property for several years, the Akkarys, now operating through

Defendant Maria, closed on a construction loan and entered into an agreement with a company for

development of the subject property.  The contemplated new construction would consist of a single

building of approximately 8,800 square feet, resting across the .91 acres purchased from Jaylin

and spanning portions of both "Parcel 2" and "Parcel 3," as designated in the REA.

As construction was about commence, Plaintiffs filed this action, alleging that Defendant's

proposed structure was in violation of restrictions contained in the REA, including both the

language of the above cited Article 5.3 which limits "construction to be performed on Parcels 1,

2, and 3 to the construction of one building of one story" and additional building size and

configuration limitations set out in a document which Plaintiffs proffer as the unattached, un-filed

"Exhibit E." (ECF No. 1-4). [2]  Plaintiffs maintain that the contemplated construction will result in irreparable harm to their property interests, primarily because the proposed building will permanently obstruct the visibility of the Ingles store (or any future replacement tenant) from the adjacent roadways, resulting in loss of customer goodwill and, ultimately, business revenue. Defendant counters that its proposed construction is not in violation of any restriction contained in the REA of which it had notice or of which it is chargeable with having notice.

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment if the pleadings, responses to discovery, and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  This requires the movant to identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of fact. Celotex, 477 U.S. at 323; see also Anderson, 477 U.S. at 249.

Although the moving party bears this initial responsibility, the nonmoving party must then produce specific facts showing that there is a genuine issue for trial.  See Celotex, 477 U.S. at 334. In satisfying this burden, the nonmoving party must offer more than a mere "scintilla of evidence" that a genuine issue of material fact exists, Anderson, 477 U.S. at 252, or that there is "some

---

[2] In an effort to establish that this document, which appears to be a "blow-up" of a relevant portion of the site plan, is in fact the missing and agreed to (by declarant Jaylin) "Exhibit E," Plaintiffs rely primarily upon certain deposition testimony of Ingles attorney, Mr. Ephraim Spielman, and other correspondence issuing from his office. See ECF No. 79 (Hearing Transcript) at p. 32.

metaphysical doubt" as to material facts. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Rather, it must produce evidence on which a jury could reasonably find in its favor. <u>See</u> <u>Anderson</u>, 477 U.S. at 252.

In considering the motion for summary judgment, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. <u>See</u> <u>Miltier v. Beorn</u>, 896 F.2d 848 (4th Cir. 1990). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." <u>Matsushita</u>, 475 U.S. at 587 (1986) (internal quotations omitted).

## <u>DISCUSSION</u>

Plaintiffs' Complaint seeks an order from this Court permanently enjoining Defendant from constructing any building or buildings on the subject property that are in violation of the restrictions set out in the REA, including the proffered Exhibit E. <u>See</u> ECF No. 1 at ¶¶ 10-18 and 30-38.[3] In order to grant a permanent injunction, the Court must find that Plaintiffs have demonstrated success on the merits, including, specifically, that they have shown: (1) an irreparable injury; (2) that cannot be adequately remedied by a customary legal remedy such as money damages; (3) that the balance of hardships among the parties weighs in favor of granting the injunction; and (4) that the public interest would not be disserved by the grant of relief. <u>eBay, Inc. v. MercExchange, LLC</u>, 547 U.S. 388, 391 (2006).

However, on the record before it, the Court cannot conclude that the above standards are satisfied as to any of Plaintiffs' claims for equitable relief, all of which ask the Court in one form or another to conclude that Defendant's proposed construction is in violation of the proffered

---

[3] This relief in sought in Plaintiffs' Third Cause of Action. Similarly, in their First and Second Causes of Action, Plaintiffs seek a grant of specific performance and a declaration from the Court that Defendant's proposed construction is in violation of both restrictions contained in the filed portions of the REA and in the proffered Exhibit E. (ECF No. 1 at pp. 2-6).

Exhibit E.  The Court finds that a genuine issue of material fact exists as to whether this document's inclusion was actually agreed to by declarant Jaylin and intended to be filed along with the rest of the REA, such that its contents may legally limit Defendant's proposed construction, in the event that the Court finds as a matter of law that Defendant had actual or constructive notice of its contents.[4]

The Court will, however, take the occasion of these cross motions for summary judgment to conclude that Defendant's counterclaims for tortious interference, unfair trade practices and abuse of process are properly dismissed.  As Plaintiffs point out, each of these claims include, as an essential element, "improper" action or motive by the opposing party.  In the case of tortious interference, for example, the proponent of the claim must show that the opposing party intentionally interfered with potential contractual relations "for an improper purpose or by improper methods."  Santoro v. Schulthess, 384 S.C. 250, 262 681 S.E.2d 897 (Ct. App. 2009).  Similarly, in order to prove out a claim under the South Carolina Unfair Trade Practices Act, ("SCUTPA"), the proponent must show evidence of "unfair or deceptive acts or practices" by the opposing party.  S.C. § 39-5-20(a).  For an abuse of process claim, the proponent must show, not only an "ulterior purpose" (i.e. a bad motive), but a willful, improper use of process.  Pallares v. Seinar, 407 S.C. 359, 370-71, 756 S.E.2d 128 (2014).  Here, Defendant appears to maintain that by pressing its claims in the instant litigation and by its earlier filing of a Lis Pendens, Plaintiffs have acted improperly and/or with a bad motive.  However, the Court finds no affirmative evidence of improper action or motive in the record.  The Court has already declined to find that the filing of the Lis Pendis was done without right.  See ECF No. 48.  Moreover, the record before the Court

---

[4] For similar reasons, the Court cannot find for Defendant on its counterclaim for declaratory relief, as the Court cannot conclude on this record that the proffered Exhibit E is not a legally binding portion of the "Declaration" whose contents may properly limit the subject property's development by Defendant.  See ECF No. 22 at p. 8.

clearly indicates that, in this litigation, Plaintiffs are pressing viable legal claims with a view to upholding legitimate property interests. Consider that quite apart from the above-addressed controversy concerning the legal status of the proffered Exhibit E, in each of their three causes of action for equitable relief, Plaintiffs also seek to enforce restrictions contained in the properly filed portions of the REA, including, in particular, the language in Article 5.3, which "limit[s] the construction to be performed on Parcels 1, 2, and 3 to the construction of one building of one story." (ECF No. 1-3 at p. 7). Plaintiffs maintain that Defendant's proposed construction of one building across portions of Parcel 2 and 3 would constitute a violation of this language, and the Court is inclined to agree. To construct more than one building of more than one story on any of Parcels 1, 2, and 3 would obviously violate the provision's clear language. But so too would any attempt to develop the parcels in any other manner than one building of one story per parcel, including Defendant's proposed plan to erect a building that cuts across Parcels 2 and 3, which happen to be adjacent. Moreover, as Plaintiffs emphasize, at the time of the purchase of the subject property, well prior to the start of any construction on the subject property, Defendant had actual notice of the contents of all properly-filed portions of the REA, including its clear and separate delineation of Parcels 1, 2 and 3 and the development restrictions applicable to each by the express terms of Article 5.3.

Although the Court is not prepared, on this record, in light of the above-indicated dispute of material fact, to undertake the full legal analysis necessary to grant or deny an award of permanent injunctive relief, the Court cannot find and does not find that in seeking to enjoin Defendant's proposed development of the subject parcel Plaintiffs are operating from any motive other than the entirely proper motivation of seeking to protect what they regard to be legitimately obtained and enforceable property rights.

## CONCLUSION

Having carefully considered the arguments raised by counsel at the hearing, the briefs and exhibits of the parties, and all relevant case law, and for all of the reasons set out above, the Court hereby **DENIES** Defendant's Motion for Partial Summary Judgment, (ECF No. 55), and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Summary Judgment, (ECF No. 56), dismissing Defendant's counterclaims for tortious interference, unfair trade practices and abuse of process.

Finally, as to Defendant's Motion in Limine to Exclude Expert Testimony of Richard Alterman, (ECF No. 61), the Court **DENIES** that motion to the extent that the Court will consider Alterman's opinion, as an expert in shopping center development, but only to the extent that the Court finds Alterman's opinion helpful and otherwise consistent with the dictates of Federal Rule of Evidence 702 and only on the question of what harm, if any, Plaintiffs would suffer if an injunction is not granted and Defendant is permitted to build in a manner contrary to the restrictions contained in the REA.

**IT IS SO ORDERED.**


June 21, 2016                                          s/Mary Geiger Lewis_____
Columbia, South Carolina                              United States District Judge