

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| INGLES MARKETS, INC. and SKY KING, INC., | § § § |
| Plaintiffs, | § § |
| vs. | §   Civil Action No. 7:14-4828-MGL § |
| MARIA, LLC, | § § § |
| Defendant. | § § |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT**

### I.     INTRODUCTION

This is an action for specific performance and declaratory and injunctive relief seeking to prevent Defendant from proceeding with certain commercial construction. The Court has jurisdiction over this matter under 28 U.S.C. § 1332. Pending before the Court is Defendant's Motion to Alter or Amend Judgment (Defendant's Motion) under Rules 59(e) and 52(b) of the Federal Rules of Civil Procedure.

In Defendant's Motion, it requests the Court alter or amend its October 18, 2016, Order (Order) entering judgment in favor of Plaintiffs on their claim for injunctive relief. Having carefully considered Defendant's Motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Defendant's Motion will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

The background facts relevant to this Motion are undisputed.  Plaintiff Ingles Markets, Inc. (Ingles) leases commercial retail space in a shopping center (the Shopping Center) in Spartanburg, South Carolina, owned by Plaintiff Sky King, Inc. (Sky King).  Jaylin Spartanburg South, LLC (Jaylin) was the original owner of the Shopping Center.  Jaylin recorded a Declaration of Reciprocal Easements (REA) for the Shopping Center in the Spartanburg County Register of Deeds on June 10, 2002.

The REA sets forth certain use and development restrictions for the Shopping Center.  Paragraph 5.3 is the portion of the REA at issue in this matter.  It provides:

> **5.3  Restrictions Relating to Development.**  Development and use restrictions shall limit the construction to be performed on Parcels 1, 2 and 3 to the construction of one building of one story and no more than twenty-four (24) feet in height in the locations, and with the requisite parking spaces, shown on Exhibit "E" attached hereto.

ECF No. 1-3 at 7.  Exhibit E, however, was not attached to the REA recorded in the Register of Deeds.

Bill and Miriam Akkary (the Akkarys) are the controlling owners of Defendant.  They have operated two businesses in the Shopping Center since around 2001 when they first entered into leases with Jaylin.  On or about January 7, 2011, the Akkarys entered into a contract with Jaylin for the purchase of .91 acres, which is the subject of this litigation (Subject Property).  The REA is included in the chain of title of the Subject Property, and Jaylin provided a copy of the REA to the Akkarys.  Jaylin did not, however, provide a copy of the Exhibit E referenced in ¶ 5.3 of the REA to the Akkarys.

After owning the Subject Property for several years, the Akkarys, operating through Defendant, entered into an agreement for the construction of a single building of approximately

8,800 square feet on the Subject Property. Shortly after learning about Defendant's proposed construction, Plaintiffs filed their Complaint on December 22, 2014. ECF No. 1. In the Complaint, Plaintiffs contend Defendant's proposed development of the Subject Property violates the REA, specifically ¶ 5.3 of the REA and Exhibit E referenced in that paragraph. The Complaint seeks, among other things, a permanent injunction prohibiting Defendant from constructing any building on the Subject Property in violation of the REA, including Exhibit E.

After the Court ruled on motions for summary judgment filed by Defendant and Plaintiffs, the only issues remaining in the case were whether the document proffered by Plaintiffs as Exhibit E to the REA was in fact agreed to by Jaylin and intended to be filed with the REA and whether Defendant had actual or constructive notice of the document such that a permanent injunction should be issued. *See* ECF No. 80.

The Court held a bench trial on August 17, 2016, and September 27, 2016, to resolve these issues. ECF Nos. 85, 91. The Court issued its Findings of Fact and Conclusions of Law on October 18, 2016, holding for the Plaintiff on the remaining issues and permanently enjoining Defendant from erecting any building on the Subject Property except in strict compliance with the REA and Exhibit E. ECF No. 96.

Defendant filed its Motion to Alter or Amend Judgment on November 14, 2016. ECF No. 98. Plaintiffs responded on December 1, 2016, ECF No. 99, and Defendant filed a reply on December 12, 2016, ECF No. 100. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Defendant's Motion.

**III.     STANDARD OF REVIEW**

There are only three limited bases for a district court to grant a Rule 59(e) motion to alter or amend judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted).  Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082.  "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998) (internal quotation marks omitted).

Rule 52(b) provides in relevant part: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly."  Fed. R. Civ. P. 52(b).

**IV.     CONTENTIONS OF THE PARTIES**

Defendant first argues in its Motion the Court should alter or amend its Order because the finding that the document Plaintiffs proffered as Exhibit E was agreed to by Jaylin and intended to be filed with the REA is unsupported by evidence from Jaylin.  Defendant maintains only a representative of Jaylin can establish Jaylin agreed to the document offered as Exhibit E, and Defendant notes Plaintiffs failed to provide such evidence.

4

Defendant next asserts the Court should alter or amend its Order because the Court's holding that Defendant had constructive notice of the contents of Exhibit E is unsupported by South Carolina case law. Defendant further alleges it was improper for the Court to issue a permanent injunction in favor of Plaintiffs because Plaintiffs failed to establish the four factors required for a permanent injunction. Lastly, Defendant avers the Court failed to address its equitable arguments, and Defendant requests the Court alter or amend its judgment to find in favor of Defendant based on such arguments.

Plaintiffs repudiate each of Defendant's arguments and contend Defendant's Motion must be denied because it is an impermissible attempt to re-litigate issues already decided.

## V.    DISCUSSION AND ANALYSIS

Defendant fails to specify in its Motion or reply upon which basis for altering or amending a judgment under Rule 59(e) it is relying. Defendant, however, has offered no analysis of a change in controlling law or new evidence unavailable at trial. Therefore, Defendant appears to be relying on the third basis for granting a Rule 59(e) motion—"to correct a clear error of law or prevent manifest injustice." *Hutchinson*, 994 F.2d at 1081. The Court will consider each of Defendant's arguments in turn.

Defendant's position concerning whether Jaylin agreed to the document Plaintiffs offered as Exhibit E amounts to nothing more than an attempt to re-litigate the issue. Defendant maintains the testimony of Ephraim Spielman offered by Plaintiffs to show Jaylin agreed to Exhibit E is incredible and inadmissible and that Plaintiffs have failed to provide sufficient evidence to prove Jaylin agreed to the document. Defendant, however, argued these points extensively during day one of the trial. *See* ECF No. 94. Defendant objected to the testimony of Spielman numerous

times, and the Court carefully considered and overruled such objections. *See, e.g.*, *id.* at 22, 26, 27, 29, 31-31, 37-38. Likewise, Defendant thoroughly set forth its position Plaintiffs have failed to satisfy their burden of proving Jaylin agreed to the document. *Id.* at 83-89. The Court explained its contrary holding in in its Order. ECF No. 96 at 5-7.

Defendant's argument regarding the Court's holding that Defendant had constructive notice of the contents of Exhibit E is also an impermissible attempt to re-litigate a matter already decided. Issues pertaining to whether Defendant had notice of Exhibit E were copiously debated during day two of the trial, *see* ECF No. 95, and the Court fully explained its holding that Defendant had constructive notice in its Order, ECF No. 96 at 9-13. In Defendant's Motion, it attempts to distinguish case law cited in the Court's Order and argues the Court's constructive notice holding should therefore be altered or amended. The Court is unpersuaded by Defendant's analysis of the relevant case law. For the reasons set forth in the Order, the Court is the opinion relevant case law, as well as the testimony from day two of the trial, support its holding Defendant had constructive notice of the contents of Exhibit E. *See id.* at 7-13.

Like Defendant's first two contentions, Defendant's position the Court should alter the portion of its judgment granting a permanent injunction in favor of Plaintiffs is primarily a re-hashing of Defendant's arguments previously presented and fails to constitute grounds for altering or amending the judgment under Rule 59(e). The only arguably new points Defendant raises in its Motion regarding the granting of a permanent injunction are: (1) the Court improperly relied on evidence not before it during the trial; (2) the Court inappropriately relied on a case from another jurisdiction; (3) the holding monetary damages are impractical is unsupported by evidence; and (4) the Court wrongfully concluded Defendant would suffer no harm. Defendant's positions lack merit.

Defendant maintains it was improper for the Court to rely on deposition testimony of James Lanning when determining whether Plaintiffs would suffer irreparable harm in the absence of an injunction because Lanning's deposition testimony was not offered into evidence during the trial. The Court first notes Defendant has failed to cite any support for the proposition the Court improperly considered Lanning's deposition testimony and has thus failed to satisfy its burden of proving the Court's holding constitutes a clear error of law or manifest injustice.  Furthermore, Lanning's deposition testimony was not central to the Court's holding Plaintiffs would suffer irreparable harm in the absence of an injunction. The crux of the Court's holding is "[i]nterests in real property, including leasehold interests, are unique and their deprivation may therefore commonly result in irreparable harm." ECF No. 96 at 14. Because interests in real property are unique, and Plaintiffs would be deprived of certain property rights if the Court were to deny their request for an injunction, the Court remains steadfast in its holding Plaintiffs would suffer irreparable harm if it refused their request for an injunction.

Defendant further claims the case cited by the Court in its analysis of whether Plaintiffs would suffer irreparable harm in the absence of an injunction, *K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907 (1st Cir. 1989), should have been ignored by the Court because it is from another jurisdiction. Although *K-Mart Corp.* is indeed a decision from another jurisdiction, it is highly informative in this case because it was cited in a South Carolina Court of Appeals opinion, *HHHunt Corp. v. Town of Lexington*, 699 S.E.2d 699, 707 (S.C. Ct. App. 2010), for the proposition monetary damages would provide an inadequate remedy for a party whose property rights are violated. Thus, *K-Mart Corp.* is instructive on the standard for granting an injunction for interference with property rights under South Carolina law, and the Court properly considered the

case.  Moreover, the Court's analysis of *K-Mart Corp.* in the Order serves merely to provide additional support for its holding; the holding is not dependent upon the opinion.

Defendant contends the Court's holding a remedy of monetary damages would be impractical is unsupported by evidence.  Defendant avers its finances were not part of the trial and asserts "this Court calculates damages at $73,000 per year, yet cites no evidentiary support from the bench trial for this proposition."  ECF No. 98 at 12.  Defendant misapprehends the Court's holding.  The Court noted Plaintiffs calculate damages at approximately $73,000 a year, but it held "it is impossible to calculate the damage done to the shopping center should Ingles decide to vacate due to the loss of visibility, loss of brand, etc."  ECF No. 96 at 15.  The Court reasoned there is no adequate monetary remedy precisely because it is impossible to calculate damages in this situation. *Id.*  The Court's holding regarding the lack of a monetary remedy is supported by sound reasoning.  Defendant is mistaken in asserting the Court calculated damages without evidentiary support.

Defendant is likewise mistaken in its contention the Court "conclusively finds that Defendant will suffer no harm without considering that the Defendant purchased the property to construct a building substantially different from the depiction on the purported Exhibit E."  ECF No. 98 at 12.  Defendant's statement is inaccurate.  The Court recognized Defendant "will undoubtedly suffer some harm" but concluded the harm "is not so substantial as to render the remedy of injunction unwarranted on these facts."  ECF No. 96 at 15.

Defendant's remaining arguments regarding the Court's granting of Plaintiff's requested permanent injunction have been previously raised by Defendant and rejected by the Court, and the Court will therefore refrain from addressing them once again.  In its Order, the Court carefully analyzed the four elements a plaintiff must prove to prevail on a claim for a permanent injunction

and found for Plaintiffs on each one. ECF No. 96 at 13-16. For the reasons set forth in the Order, the Court remains convinced a permanent injunction is warranted in this case.

The final point raised in Defendant's Motion is the Court supposedly failed to address Defendant's equitable arguments. Defendant requests the Court address its equitable arguments and alter the Order to find for Defendant on such grounds. Defendant's position is erroneous. The Court explicitly balanced the equities when determining whether to issue an injunction in favor of Plaintiffs and held the overall balance of the equities favored Plaintiffs. ECF No. 96 at 15-16. Defendant's equitable arguments were considered when balancing the equities, and it was unnecessary for the Court to analyze each of Defendant's equitable arguments distinctly.

For the reasons set forth above, Defendant has failed to show clear error or manifest injustice sufficient to warrant the extraordinary remedy of altering or amending a judgment under Rule 59(e). Apart from stating the bases for altering or amending a judgment under Rule 59(e), Defendant has notably failed to allege explicitly that the Court's Order must be altered or amended to correct a clear error or prevent manifest injustice. Instead, Defendant simply attempts to re-litigate issues already decided.

Defendant has likewise failed to convince the Court it should exercise its discretion to amend its Order under Rule 52(b). The Court therefore declines Defendant's invitation to do so.

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court that Defendant's Motion to Alter or Amend Judgment is **DENIED**.

**IT IS SO ORDERED.**

Signed this 23rd day of January 2017 in Columbia, South Carolina.

                                                  <u>s/Mary Geiger Lewis</u>
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE